IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LOUIS W. WHITMORE**                                                    **PLAINTIFF**
**#111894**

v.                          No: 4:20-cv-001255 LPR-PSH

**TIM RYALS**                                                            **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Louis W. Whitmore filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 20, 2020, while incarcerated at the Faulkner County Detention

Center ("FCDC").[1]  Doc. No. 2.  The Court subsequently directed Whitmore to amend his complaint to clarify his claims.  Doc. No. 3.  Whitmore filed an amended complaint alleging that Sheriff Tim Ryals had not taken adequate steps to prevent the spread of Covid-19 at the FCDC.  Doc. No. 6.  Service was ordered and obtained on Ryals.  Doc. Nos. 6, 8 – 11.

Ryals filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Whitmore had not exhausted his claims against him before he filed this lawsuit (Doc. Nos. 23-25).  Whitmore filed a response (Doc. No. 27).  Ryals' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and he is entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284

---

[1] Whitmore has since been released.  *See* Doc. Nos. 28 & 31.

F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Ryals argues that he is entitled to summary judgment because Whitmore failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 24. In support of his motion for summary judgment, Ryals submitted an affidavit by Jail Administrator Captain Erinn Stone (Doc. No. 25-1); Whitmore's Arrest and Booking Sheet (Doc. No. 25-2); grievances and requests filed by Whitmore during his incarceration at the FCDC (Doc. No. 25-3); and a copy of the FCDC's grievance policy (Doc. No. 25-4).

### A. *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

The FCDC has established procedures for submissions of grievances and requests by detainees. Doc. No. 25-4, *Grievance Procedure*. That policy allows a detainee to submit a grievance that "presents a claim of wrongdoing or alleged violation of their rights" to FCDC staff. *Id.* at 1. The policy distinguishes grievances from requests which communicate a need for something and medical requests which are limited to communications regarding a detainee's medical needs. *Id.* "All

4

grievances, requests, and medical requests are submitted electronically through the kiosk located in each cell." *Id.* The grievance/request is then submitted to the shift supervisor for review, and the shift supervisor will submit an answer to the detainee. *Id.*

The grievance procedure requires a detainee to first attempt to verbally resolve a complaint through the unit officer. *Id.* If the problem cannot be resolved, the detainee may file a written grievance within ten days of the incident or occurrence. *Id.* The grievance must only address one issue or problem and state what corrective action in sought. *Id.* A detainee must appeal the answer within five working days of receiving an answer. *Id.* at 2. The jail lieutenant will review the appeal and may reverse the decision of the grievance officer. *Id.* The jail lieutenant must respond to the appeal within five working days. *Id.*

B.  ***Whitmore's Complaint Allegations***

In his amended complaint, Whitmore alleges that he was not tested for the Covid-19 virus when he was booked into the jail on April 28, 2020, and that he suffered high blood pressure "due to excessive heat stress mental anguish due to the corono virus in the mail housing . . .". Doc. No. 6 at 4. He further claims that the FCDC failed to disinfect the jail, properly distance inmates, or implement a "structural method of quarantine." *Id.* at 4-5. Whitmore claims that the FCDC's quarantine system did not work, resulting in one positive inmate in July 2020 and 34

positive inmates in September 2020. *Id.* at 5. He claims that there was no testing for Covid-19 in between those dates, but that he suffered from Covid-19 symptoms in late July 2020. *Id.* Whitmore also alleges that the mats and beds of infected inmates were then assigned to new inmates with no sanitation beforehand. *Id.* He claims that Ryals is responsible for these conditions. *Id.* at 6. The Court liberally construed Whitmore's complaint as stating a claim that Ryals, as Faulkner County Sheriff, violated his right to be housed in a safe environment by not taking appropriate steps to contain the Covid-19 virus.[2]

### C. Exhaustion of Whitmore's Claims

Ryals provided a record of the grievances and requests Whitmore submitted at the FCDC. *See* Doc. No. 25-1 at 1. Whitmore submitted several grievances concerning the jail's handling of the Covid-19 virus. On five occasions between July 5 and July 17, 2020, he submitted grievances complaining that his barracks were not properly disinfected. Doc. No. 25-3 at 6-7 & 9. There is no indication Whitmore appealed the responses to those grievances. *Id.* In one of those grievances,

---

[2] The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Whitmore also indicated he needed protective gear to avoid the virus, and was told that he would be provided a mask. *Id.* at 7. On another occasion, Whitmore requested a new mask with elastic. *Id.* at 15. Finally, on October 1, 2020, he submitted a grievance stating, "I'm writing this grievance in reference finding out all information on corona virus in this facility. I have completely exhausted all remedies of this grievance procedure." *Id.* at 18. In response, he was asked what he wanted to know. *Id.* There is no indication Whitmore appealed that response. *Id.* Whitmore also submitted several grievances complaining that a Corporal Burgess did not take appropriate action with respect to high blood pressure readings, *id.* at 8 & 10, and on one occasion, Whitmore grieved hot temperatures in the barracks. *Id.* at 8. Whitmore did not appeal the responses to those grievances. *Id.* at 8 & 10.

     The Court finds Whitmore has failed to exhaust his administrative remedies with respect to his claims in this case for two reasons. First, the FCDC's grievance policy provides that the last step of the procedure is an appeal to the jail lieutenant. Doc. No. 25-4 at 2. Whitmore did not appeal the responses to any of the grievances concerning his claims in this case. In in his response to Ryals' motion for summary judgment, Whitmore claims he did not know there was another step to the grievance procedure and was never instructed to file an appeal. Doc. No. 27. Whitmore's ignorance of the grievance procedure did not render it unavailable to him. An inmate need only exhaust *available* administrative remedies. *East v. Minnehaha Cty.*, 986

F.3d 816, 821 (8th Cir. 2021). "Administrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016)). Administrative remedies may also be unavailable if prison officials prevent inmates from utilizing the grievance procedures or fail to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). Whitmore has not alleged that the grievance procedure was unavailable to him or that prison officials prevented him from using it. Accordingly, he did not complete the grievance procedure by filing the necessary appeal.

Second, and more importantly, Whitmore did not grieve his complaint allegation that Ryals personally failed to take appropriate steps to control the spread of the Covid-19 virus.[3] Instead, he complained that his barracks were not properly disinfected on several occasions, requested a mask twice, and inquired about what was being done to prevent the spread of Covid-19. He did not complain in any grievance that Ryals was responsible for any lack of Covid-19 precautions. Accordingly, Ryals is entitled to summary judgment.

---

[3] *See Waller v. Kelley*, 956 F. Supp. 2d 1007, 1013–14 (E.D. Ark. 2013) (holding that a plaintiff must specifically grieve that an official in a supervisory role failed to take corrective action in order to exhaust a corrective inaction claim).

## IV.  Conclusion

Whitmore did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Defendant Sheriff Ryals' motion for summary judgment (Doc. No. 23) should be granted and Whitmore's claims dismissed without prejudice.

DATED this 4th day November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE